## THE CITY OF CHESTER.

*(District Court, S. D. New York.  April 5, 1886.)*

COLLISION—DAMAGES—REPAIRS IN EXCESS—SURVEY.

When repairs of a general character, beyond the injuries inflicted by a collision, are made at the same time, and without separation of the items of the work as the repairs progress, the bills of repairs presented are no criterion of the damages, and the items of repairs claimed will be closely scrutinized to prevent exaggeration. The estimate of competent surveyors made immediately after the injury may be used in evidence. The commissioner in this case having, upon a careful investigation, allowed much less than the estimate of the surveyors, the report was confirmed; though the repairs, as made, adopted different methods from those recommended by the surveyors, by allowing the expense of strengthening pieces, and disallowing the surveyors' estimate of permanent depreciation.

In Admiralty.
*E. D. McCarthy*, for libelant.
*Wilcox, Adams & Macklin*, for claimants.

BROWN, J.  Notwithstanding the skillful and ingenious argument of counsel in behalf of the exceptions in the above case, I am satisfied, upon a careful consideration of the testimony, that no injustice is done to the claimants by the commissioner's report.  The court, so far as in its power, will take equal care to prevent the exaggeration of claims, and to afford full reparation for the actual injury.  Where repairing is delayed, and the repairs finally made are more extensive than the injury calls for, the closest scrutiny in separating the charges made is obligatory.  The repairs are not in any case the necessary and sole criterion of the damages.  The actual damage properly proved may be recovered though the boat never be repaired; or the repairs may be partial only, and recovery may be had for the partial repair, with an allowance for permanent depreciation.  One of the chief objections in this case is to the expense attendant on putting in strengthening timbers.  This mode of repair was adopted instead of that recommended upon the survey made shortly after the accident.  But the survey, which was made by competent experts, while providing for certain repairs, gave a further estimated allowance of $2,000 for permanent damage.  This last sum alone is much in excess of all the damage allowed by the commissioner.  He has allowed the expense of the strengthening pieces in the place of certain other recommendations in the survey, but disallows all claims of permanent de-

preciation, thus finding a sum far less than the amount of the survey. In the details of the expenses he has also cut off $200 from the labor account, by reason of its apparent large excess above the usual average relation to the material used. The nature of the repairs done, however, would, in this case, involve a larger proportion of labor than usual. Upon a careful review of the whole subject, I do not think the claimants have any just cause of complaint, and the report is therefore confirmed.